UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERRY VANDIVER,<br><br>    Plaintiff,<br><br>v.<br><br>CORIZON CORRECTIONAL<br>HEALTHCARE,<br>VICTORIA HALLET,<br>CHARLES JAMSEN,<br>NATALIA E. STOKELY-HAMDAN,<br>NANCY MCGUIRE,<br>MICHELLE COULING,<br>MICHIGAN DEPARTMENT OF<br>CORRECTIONS BUREAU HEALTH<br>CARE SERVICES, and<br>DUANE WATERS HEALTH CENTER<br>EYE/LOW VISION CLINIC,<br><br>    Defendants. | Case No. 20-cv-10162<br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY [10]

Plaintiff Jerry Vandiver suffers from diabetes, Hepatitis C, and vision problems. He was scheduled to have his left foot amputated in January 2020. Because Vandiver is in prison, he relies on Corizon Correctional Healthcare and the Michigan Department of Corrections to treat his medical conditions. Vandiver believes that the treatment provided by Corizon and MDOC personnel violates the Eighth Amendment and the Americans with Disabilities Act.

Vandiver moves to disqualify the undersigned from presiding over his lawsuit. (ECF No. 10.)

The Court will deny the motion. Vandiver seeks disqualification because in a prior case raising similar issues, this Court "failed to decide or rule on" a claim that the "state defendants[']

fail[ed] to treat [his] Hepatitis C." (ECF No. 10, PageID.132.) Vandiver says that this claim is part of this case too. (*Id.*) Apparently then, Vandiver believes this Court will again not address the claim. But this belief does not support recusal either factually or legally. First, it appears that this Court did decide and rule on Vandiver's Hepatitis C claim in the prior case:

> As discussed above, substantial case law disfavors permitting "failure to treat" claims under the ADA. And Vandiver provides no support that he was denied treatment for his Hepatitis C because he is disabled. So, while not argued in the summary judgment briefing, the Court will adopt the Magistrate Judge's dismissal of Vandiver's Count IV against the State Defendants as the parties did address the issue in the objections and the record contains no disputed issue of material fact.

*Vandiver v. Corizon, LLC*, No. 16-13926, 2017 U.S. Dist. LEXIS 210356, at *14–15 (E.D. Mich. Dec. 21, 2017) (citations omitted). And second, even if this Court did not rule on one of Vandiver's claim or made an erroneous ruling in the prior case, that would not be grounds for disqualification in this case. *See United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))).

Vandiver's other ground for disqualification is that he filed an affidavit of serious, imminent danger and, yet, this Court has taken "no action." (ECF No. 10, PageID.133.) But that is not entirely accurate. The apparent purpose of Vandiver's affidavit was to allow him to proceed without prepaying the filing fee in this case even though he has "three strikes" under the Prison Litigation Reform Act. (*See* ECF No. 3, PageID.109 ("I, JERRY VANDIVER . . . pursuant to section 28 USC 1915(g)'s imminent danger exception . . . .").) And on February 12, 2020, a magistrate judge granted Vandiver's request to proceed without prepaying the filing fee. (ECF No. 5.)

Finally, and contrary to Vandiver's unsupported assertion, this Court harbors no "personal bias" against him (ECF No. 10, PageID.133); it will apply to the law to facts, as it always does.

2

Accordingly, Vandiver's motion to disqualify is DENIED.

SO ORDERED.

Dated: April 16, 2020

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 16, 2020.

> s/Erica Karhoff
> Case Manager to the
> Honorable Laurie J. Michelson